ORIGINAL
( hand - carried )

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 JUN -5  PM 3: 27

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### FORT WORTH DIVISION

| | | |
|---|---|---|
| NEIL GILLESPIE and ONA GILLESPIE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:11-cv-00388-A |
| BAC HOME LOANS SERVICING, LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION | § § § § | |
| Defendants. | § § | |

## DEFENDANT BANK OF AMERICA, N.A'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA"), answers the allegations in Plaintiffs' Second Amended Complaint filed by Plaintiffs Neil and Ona Gillespire (collectively "Plaintiffs" or the "Gillespies") as follows.

## I.     ANSWER TO PLAINTIFFS' ALLEGATIONS

### INTRODUCTORY PARAGRAPH

In response to the un-numbered introductory paragraphs beginning "Plaintiffs Neil Gillespie . . . ," BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

### JURISDICTION/VENUE

1.     In response to paragraph 1, BANA, admits this Court has jurisdiction over this matter, but denies the remaining allegations.

2.     In response to paragraph 2, BANA admits this Court has pendent jurisdiction over Plaintiffs' state law claims.  The remaining allegations are nothing more than arguments and/or

legal conclusions to which no answer is required.  To the extent an answer is required, BANA denies the remaining allegations.

3.    In response to paragraph 3, BANA admits venue is proper in this district.  The remaining allegations are nothing more than arguments and/or legal conclusions to which no answer is required.  To the extent an answer is required, BANA denies the remaining allegations.

## THE PARTIES

4.    In response to paragraph 4, BANA admits, upon information and belief, Plaintiffs are citizens of the State of Texas.  The remaining allegations are nothing more than arguments and/or legal conclusions to which no answer is required.  To the extent an answer is required, BANA denies the remaining allegations.

5.    In response to paragraph 5, BANA admits BAC was a Texas limited partnership until July 1, 2011 when, on that date, it merged into BANA.  BANA admits it is properly before this Court, but denies any remaining allegations.

6.    In response to paragraph 6, BANA states the allegations made by the Gillespies amount to nothing more than arguments and/or legal conclusions, to which no answer is required.

## BACKGROUND AND FACTS

7.    In response to paragraph 7, BANA admits Plaintiffs executed a Note and Deed of Trust on or about September 14, 2007 and states those documents speak for themselves.  The remaining allegations are nothing more than arguments and/or legal conclusions to which no answer is required.  To the extent an answer is required, BANA denies the remaining allegations.

8.    In response to paragraph 8, BANA admits it sets forth the legal description and physical address of the property which is the subject of this suit.

9.    In response to paragraph 9, BANA states the Deed of Trust was recorded as alleged.

10.    In response to paragraph 10, BANA states the Assignment of Note and Deed of Trust referenced therein speaks for itself and was recorded as alleged, but denies any remaining allegations.

11.    In response to paragraph 11, BANA admits giving notice of the October 5, 2010 foreclosure sale in the time and manner required by section 51.002 of the Texas Property Code and the Deed of Trust, but denies the remaining allegations.

12.    In response to paragraph 12, BANA admits the Assignment of Note and Deed of Trust was executed by David Seybold, but denies the remaining allegations.

13.    In response to paragraph 13, BANA admits the Appointment of Substitute Trustee was executed on behalf of BANA and recorded as alleged, but denies any remaining allegations.

14.    In response to paragraph 14, BANA admits no power of attorney appears of record, but denies the remaining allegations, including the false implication by Plaintiffs that such a power of attorney was required, was required to be recorded or that the Appointment of Substitute Trustee was recorded without authority.

15.    In response to paragraph 15, BANA states the allegations made by the Gillespies amount to nothing more than arguments and/or legal conclusions, to which no answer is required.  To the extent a response is required, BANA denies the allegations.

16.    In response to paragraph 16, BANA admits a Substitute Trustee's Deed was issued to Federal National Mortgage Association ("Fannie Mae") dated October 5, 2010 and recorded as alleged, but denies any remaining allegations.

17.    In response to paragraph 17, BANA admits Plaintiffs purchased the property on

September 14, 2007 and that Plaintiffs have continued to occupy the Property, but lacks knowledge or information sufficient to form a belief about the truth of any of the remaining allegations and, therefore, denies them.

18.    In response to paragraph 18, BANA admits Plaintiffs defaulted on their repayment obligations under the Note and Deed of Trust, but lacks knowledge or information sufficient to form a belief about the truth of any of the remaining allegations and, therefore, denies them.

19.    In response to paragraph 19, BANA admits Plaintiffs applied for a loan modification through the Making Home Affordable Program, but denies the remaining allegations.

20.    In response to paragraph 20, BANA denies the allegations.

21.    In response to paragraph 21, BANA denies the allegations.

22.    In response to paragraph 22, BANA denies the allegations.

23.    In response to paragraph 23, BANA denies the allegations.

24.    In response to paragraph 24, BANA denies the allegations.

25.    In response to paragraph 25, BANA admits Plaintiffs were advised that collection calls would continue, but denies the remaining allegations.

26.    In response to paragraph 26, BANA denies the allegations.

27.    In response to paragraph 27, BANA denies the allegations.

28.    In response to paragraph 28, BANA admits Plaintiffs' loan was in foreclosure in August of 2010, but denies the remaining allegations.

29.    In response to paragraph 29, BANA admits Plaintiffs' loan was in foreclosure in August of 2010, but denies the remaining allegations.

30.     In response to paragraph 30, BANA admits it mailed a letter to Plaintiffs in August of 2010 and the loan was being referred to the foreclosure review committee for review. To the extent Plaintiffs refer to an "Exhibit A," BANA is unable to respond as no exhibits are attached to the Second Amended Complaint. BANA denies any remaining allegations.

31.     In response to paragraph 31, BANA, upon information and belief, admits Plaintiffs were served with a letter dated September 7, 2010 from BAC's foreclosure counsel. To the extent Plaintiffs refer to an "Exhibit B," BANA is unable to respond as no exhibits are attached to the Second Amended Complaint. BANA denies any remaining allegations.

32.     In response to paragraph 32, BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations related to Plaintiffs "receipt" of the notices referenced therein and, therefore, denies them.   To the extent these allegations could be interpreted as an allegation that BANA failed to provide the required notice, BANA denies the allegations.

33.     In response to paragraph 33, BANA upon information and belief, admits Plaintiffs called BANA, but denies any remaining allegations.

34.     In response to paragraph 34, BANA upon information and belief, admits Plaintiffs called BANA, but denies any remaining allegations.

35.     In response to paragraph 35, upon information and belief, BANA admits Plaintiffs called BANA.  To the extent plaintiffs refer to an "Exhibit C," BANA is unable to respond as no exhibits are attached to the Second Amended Complaint.   BANA denies any remaining allegations.

36.     In response to paragraph 36, BANA denies the allegations.

37.     In response to paragraph 37, BANA admits the Property was sold to Fannie Mae

on October 5, 2010, but denies any remaining allegations.

38.     In response to paragraph 38, BANA admits the Property was sold to Fannie Mae on October 5, 2010 and that no agreement was reached to rescind the sale, but denies any remaining allegations.

39.     In response to paragraph 39, BANA admits the Property was sold to Fannie Mae on October 5, 2010, but denies any remaining allegations.

40.     No response is necessary to paragraph 40.

41.     In response to paragraph 41, BANA admits the Assignment of Note and Deed of Trust from MERS to BANA was recorded as alleged, but denies any remaining allegations.

42.     In response to paragraph 42, BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

43.     No response is necessary to paragraph 43.

44.     In response to paragraph 44, BANA states this allegation has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[1] To the extent BANA is required to respond to this request, BANA admits notices of the October 5, 2010 foreclosure sale were served on plaintiffs, but denies the remaining allegations.

45.     In response to paragraph 45, BANA states this allegation has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[2] To the extent BANA is required to respond to this request, BANA denies the allegations.

46.     In response to paragraph 46, BANA admits it caused to be posted a notice of substitute trustee's sale of the Property for October 5, 2010, but denies the remaining allegations.

---

[1]  Docket No. 30 at p. 14 ("Inasmuch as plaintiffs fail to allege that BAC failed to serve the notice required by section 51.00(d), plaintiffs' Complaint fails to state a claim entitling them to relief on this ground.").
[2]  Docket No. 30 at p. 14 ("[T]he court does not believe plaintiffs can plausibly claim that BAC had an enforceable trial loan modification agreement with them and that BAC breached such agreement. On this ground, therefore, the Complaint fails to state a claim entitling plaintiffs to relief.").

47.     In response to paragraph 47, BANA states this allegation has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[3]  To the extent BANA is required to respond to this request, it denies the allegations.

48.     In response to paragraph 48, BANA states this allegation has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[4]  To the extent BANA is required to respond to this request, it lacks knowledge or information sufficient to form a belief about the truth of any of the remaining allegations and, therefore, denies them.

49.     In response to paragraph 49, BANA denies the allegations to the extent it relates to alleged representations made by BANA.   To the extent the allegations relate to alleged representations made by Fannie Mae, BANA lacks knowledge or information sufficient to form a belief about the truth of any of the remaining allegations and, therefore, denies them.   In addition, BANA states this allegation as to Fannie Mae has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[5]

50.     In response to paragraph 50, BANA denies the allegations and denies plaintiffs are entitled to the relief requested..

51.     In response to paragraph 51, BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

52.     In response to paragraph 52, BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

53.      In response to paragraph 53, the allegations against Fannie Mae and certain allegations against BANA have been dismissed with prejudice by the Memorandum Opinion and

---

[3]  Docket No. 30 at p. 12 ("In short, the facts pleaded do not support a claim for a violation of section 392.301(a)(3) against BAC.").
[4]  Docket No. 30 at p. 17 ("In short, plaintiffs fail to state a claim under section 392.301(a)(8) against Fannie Mae.").
[5]  Docket No. 30 at p. 18 ("With respect to Fannie Mae, this claim is being dismissed.").

Order dated May 23, 2012.  BANA denies the remaining allegations.

54.    In response to paragraph 54, allegations against Fannie Mae and certain allegations against BANA have been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  BANA denies the remaining allegations and denies plaintiffs are entitled to the relief requested.

55.    In response to paragraph 55, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

56.    No response is necessary to paragraph 56.

57.    In response to paragraph 57, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[6]  To the extent a response is necessary, BANA denies the allegations.

58.    In response to paragraph 58, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

59.    In response to paragraph 59, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

60.    In response to paragraph 60, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

61.    In response to paragraph 61, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

---

[6] Docket No. 30 a pp. 20-21.

62.     In response to paragraph 62, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

63.     In response to paragraph 63, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[7]  To the extent a response is necessary, BANA denies the allegations.

64.     In response to paragraph 64, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

65.     In response to paragraph 65, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

66.     In response to paragraph 66, BANA states this allegation has been dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  If there are any remaining allegations, BANA denies the remaining allegations

67.     In response to paragraph 67, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

68.     No response is necessary to paragraph 68.

69.     In response to paragraph 69, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[8]  To the extent a response is necessary, BANA denies the allegations.

---

[7]  Docket No. 30 at pp. 22-23.
[8]  Docket No. 30 at pp. 21-22.

70.    In response to paragraph 70, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

71.    In response to paragraph 71, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

72.    In response to paragraph 72, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

73.    No response is necessary to paragraph 73.

74.    In response to paragraph 74, BANA admits Plaintiffs made an application to modify their loan under the Making Home Affordable Program, but denies any remaining allegations.

75.    In response to paragraph 75, BANA admits there is a website www.making homeaffordable.gov and states the content of the website speaks for itself.  BANA denies any remaining allegations including any allegations inconsistent with the content of www.makinghomeaffordable.gov.

76.    In response to paragraph 76, BANA denies the allegations.

77.    In response to paragraph 77, BANA denies the allegations.

78.    In response to paragraph 78, BANA denies the allegations.

79.    In response to paragraph 79, BANA denies the allegations.

80.    In response to paragraph 80, BANA denies the allegations.

81.    In response to paragraph 81, BANA denies Plaintiffs are entitled to the relief

requested.

82.    In response to paragraph 82, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

83.    In response to paragraph 83, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

84.    No response is necessary to paragraph 84.

85.    In response to paragraph 85, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.[9]  To the extent a response is necessary, BANA denies the allegations.

86.    In response to paragraph 86, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations.

87.    In response to paragraph 87, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

88.    In response to paragraph 88, this allegation was dismissed with prejudice by the Memorandum Opinion and Order dated May 23, 2012.  To the extent a response is necessary, BANA denies the allegations and denies plaintiffs are entitled to the relief requested.

## REQUEST FOR RELIEF

89.    In response to the un-numbered paragraph entitled "Request for Relief" and sub-paragraphs, BANA denies the allegations and denies Plaintiffs are entitled to the relief requested.

## II.    AFFIRMATIVE DEFENSES

90.    Plaintiffs allegations fail to state a cause of action upon which relief can be

[9] Docket No. 30 at pp. 23-24.

granted.

91.    Plaintiffs' claims are barred, in whole or in part, for failure to perform conditions precedent, including, but not limited to complying with the terms of the parties' contract, such as making the necessary payments and/or providing necessary documents, failing to vacate the subject property, failing to tender the cure the default prior to acceleration, the amount to reinstate the loan prior to the foreclosure sale or the amount paid at the foreclosure sale, and failing to provide good, adequate and sufficient notice of their claims.

92.    Plaintiffs' breach of contract claim is barred because Plaintiffs first breached the contract and have since repudiated the contract.

93.    Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

94.    Plaintiffs' claims are barred, in whole or in part, because of a failure of consideration.

95.    Plaintiffs' claims are barred, in whole or in part, because they seek to enforce one or more alleged agreements which are too indefinite to be enforced.

96.    Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

97.    Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to mitigate their damages.

98.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts or omissions caused or contributed to their injury.  In the event the trier of fact determines that plaintiffs have suffered any compensable damages, BANA hereby invokes Chapter 33 of the Texas Civil Practice & Remedies Code and requests that the trier of fact determine the proportion of responsibility for said damages by plaintiffs, BANA, and responsible third-parties, if any, and to grant judgment against BANA, if at all, for only those damages for which BANA

is found to be proportionately responsible.

99.    Plaintiffs' claim for damages is barred, in whole or in part, by BANA's claim for offset of those benefits retained by Plaintiffs, such as their continued occupation of the subject property without right or payment of any kind or of amounts owed by BANA and/or Defendant Fannie Mae, including, but not limited to, rents and attorney's fees.

100.    Plaintiffs' claim for damages is barred, in whole or in part, because Plaintiffs have failed to mitigate their damages.

101.    Plaintiffs' claims are barred, in whole or in part, because any wrongful act or omissions alleged to have been committed by BANA was a good faith result of a bona fide error.

102.    Plaintiffs' claims are barred, in whole or in part, because of a lack of legal duty.

103.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack consumer status.

104.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### III.    PRAYER

For the above-state reasons, BANA asks the court to do the following:

   a.    Render judgment that Plaintiffs take nothing.

   b.    Dismiss Plaintiffs' suit with prejudice.

   c.    Award BANA all other relief the court deems appropriate.

Date: June 5, 2012

Respectfully submitted,

C. Charles Townsend, SBN:  24028053
Michael J. McKleroy, Jr., SBN:  24000095
Elizabeth A. Mazzarella, SBN: 24069320
Adam Nunnallee, SBN: 24057453
AKERMAN SENTERFITT, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT BANK
OF AMERICA, N.A. as successor by
merger to BAC HOME LOANS
SERVICING, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2012, a true and correct copy of the foregoing document
was served as follows:

Michael Brinkley
Brinkley Law PLLC
P.O. Box 820711
Fort Worth, Texas 76182-0711
*Attorney for Plaintiffs*
**VIA ELECTRONIC CASE FILING**

Michael J. McKleroy, Jr.